UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                                                        DECISION AND ORDER

                                                                                                        07-CR-6197L

                        v.

ARSENIO Y. SOLANO-FELL,
a/k/a "Grandes Ligas,"

                                        Defendant.
_____

      Defendant, Arsenio Y. Solano-Fell ("Solano-Fell"), was indicted in a second superseding indictment, on September 16, 2008 and charged, with two others, with conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. The Government timely moved for detention on the grounds that defendant was a risk of flight and a danger to the community.

      United States Magistrate Judge Jonathan W. Feldman conducted a detention hearing and accepted proof, mostly by proffer, from both the Government and the defendant. Magistrate Judge Feldman denied the Government's motion for detention on December 2, 2008. Magistrate Judge Feldman imposed monetary conditions to secure Solano-Fell's release, including execution of an appearance bond secured in the sum of $250,000 with at least $50,000 secured by a cash deposit and

the balance by real property.  Upon the posting of the security, it was anticipated that there would be non-monetary conditions imposed as well.

The Government indicated its intention to appeal that decision and, therefore, Magistrate Judge Feldman agreed to stay implementation of his release order pending appeal to this Court.  By decision entered December 5, 2008, Magistrate Judge Feldman set a schedule for briefing the appeal.  Those papers were filed and the parties appeared before this Court on December 18, 2008 on the appeal.  The appeal was filed pursuant to 18 U.S.C. § 3145(a).

For the reasons that follow, the Magistrate Judge's release order is vacated and the defendant is ordered detained.  There is no condition or combination of conditions that will reasonably assure the appearance of the defendant and the safety of the community.

First of all, because defendant has been charged with a serious drug crime and because an indictment has been returned against him establishing probable cause, the statutory presumption set forth in § 3142(e) applies that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.  In this case then, contrary to other situations, there is a presumption that the defendant should be detained.  In my view, the defendant has not adequately rebutted that presumption.

There are just too many issues relating to potential flight and danger.  Defendant is charged with conspiracy to distribute at least 5 kilograms of cocaine.  If convicted, that requires a mandatory ten years imprisonment and a maximum of life.  The Government represented that it expected the proof to show that defendant's relevant conduct involved at least 50 kilograms of cocaine.  If so, that would subject the defendant to a United States Sentencing Guideline range of 235-293 months

imprisonment. The prospect of such a lengthy term of imprisonment by itself raises a substantial risk of flight.

The Government contends that the evidence is strong. Although there are apparently no wiretaps in the case and no direct transactions with undercover police officers, the Government intends to rely on several cohorts of Solano-Fell who were involved with him in the narcotics business. Admittedly, such testimony must be viewed with caution but, nonetheless, multiple witnesses testifying about their direct involvement with defendant in this wide-ranging drug conspiracy can be powerful indeed. Several such witnesses have apparently already testified in other trials that resulted in convictions.

The Government contends that Solano-Fell and his co-defendants took over the business of another drug trafficker, Jose De La Cruz, who was tried before this Court, convicted and sentenced principally to a term of 322 months.

After defendant was arrested on the indictment warrant, he agreed to the search of a brown Volvo automobile that he had been seen using. Defendant consented to the search and denied that any hidden compartments would be found in the vehicle. To the contrary, such a compartment was discovered, and photographs of it were submitted to this Court at the hearing. Approximately a half of kilogram of cocaine with a very high level of purity, 91.4%, was discovered. Although the defendant is not yet charged with that incident since it occurred after the filing of the indictment, such proof may well be relevant at the trial on the existing indictment and, of course, the Government may well choose to file a superseding indictment charging defendant with possession of those drugs.

There are other matters relating to defendant's personal situation that suggest a significant risk of flight. Defendant is not a citizen of the United States but a lawful resident alien. He now has virtually no contact with the Western District of New York and lives in Yonkers, New York where he was arrested. The Government contends that the defendant does not deny that he has family in both the Dominican Republic and in Puerto Rico. Defendant has left this country for visits to both those jurisdictions in the past.

Defendant has suggested that home incarceration with electronic monitoring would be sufficient to preclude defendant's flight. Under all the circumstances, though, although such a condition would be helpful, I do not believe it would reasonably assure defendant's appearance in light of his strong ties to foreign jurisdictions and the availability of funds to finance any trip outside of this country.

Upon his arrest, the Government represented that in addition to the hidden compartment found in Solano-Fell's vehicle, there was evidence of efforts by defendant to avoid detection by the police. When his apartment was searched, there were certain electronic devices discovered that could be utilized to detect when another person is monitoring conversations with a body recording device.

The defendant suggests that he is able to post the funds ordered by the Magistrate Judge. That is a factor in his favor, but I note that none of that money or property is defendant's. His two sisters, one of whom resides outside of the country, are prepared to post certain properties to secure defendant's release. At this point, the exact nature of those properties and the equity in them has not

been explored, but the point remains that the properties are not the defendant's, although they do belong to close family members. In addition, the $50,000 cash that is to be posted does not come from any asset of the defendant, but apparently will be obtained by a loan from family members.

Defendant lists his occupation as auto mechanic, although his income seems rather modest based on the expenses of living in the New York City area and supporting a family. He claims to own two automobiles which he leases to others in a car service. Both those vehicles, though, apparently have loans against them. Furthermore, both the original pretrial services report in the Southern District of New York and a later one done in the Western District of New York noted the many issues involved and recommended that the defendant be detained.[1] The Government set forth in its motion for revocation (Dkt. #47) at page 9-11 information concerning the defendant's employment and income.

In sum, after reviewing the evidence concerning the charged conspiracy and the personal characteristics of defendant and his lack of ties to the Western District of New York and the other matters referenced above, I find that defendant has failed to rebut the presumption established by statute that there is no condition or combination of conditions that will reasonably assure the presence of the defendant and reasonably assure the safety of the community. Although conditions have been suggested, both monetary and non-monetary, I believe they are insufficient and I believe there is no condition or combination of conditions that will reasonably assure Mr. Solano-Fell's

---

[1] It is true that after the defendant presented a proposal with financial security, Pretrial Services in the Western District withdrew its opposition to release.

appearance and reasonably assure the safety of the community.  Therefore, defendant Arsenio Solano-Fell is ordered detained on the pending indictment.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      January 8, 2009.