UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

                                                                        <u>DECISION AND ORDER</u>

                                                                         07-CR-6197L

                   v.

ARSENIO SOLANO-FELL,

                           Defendant.
_____

       The Court referred pretrial matters in this case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Arsenio Solano-Fell, duly filed motions including a motion to suppress certain statements that were made when he was arrested on September 23, 2008, and a motion to suppress items seized when his motor vehicle was searched

       Magistrate Judge Feldman held a suppression hearing at which two witnesses testified for the Government, William Reichard, an Agent with the Drug Enforcement Administration, and Officer Cirilo Martinez, an Officer with the Yonkers New York Police Department. Defendant did not testify and the defense presented no other evidence.

       A transcript has been prepared from the electronic sound recording made on the day of the suppression hearing, which has been made available to me. After the parties filed memoranda, Magistrate Judge Feldman issued a Report and Recommendation (Dkt. #130) which recommended

that the defendant's two motions to suppress be denied. Defendant duly filed objections to that Report and Recommendation (Dkt. #131).

## DISCUSSION

The principal issues before Magistrate Judge Feldman were whether defendant freely consented to the search of his motor vehicle and whether the alleged delay in bringing him before a magistrate judge, after the arrest, warranted suppression of statements made by the defendant after being advised of his *Miranda* rights. Magistrate Judge Feldman found valid consent and found that the delay was not significant and did not warrant suppression. I agree with those findings and conclude, as did Magistrate Judge Feldman, that there is no basis to suppress either the physical evidence found from the search of the motor vehicle or the statements made by defendant. Magistrate Judge Feldman, in the Report and Recommendation, discussed and carefully considered all the evidence and testimony developed at the suppression hearing. He found that the consent to search the vehicle was voluntary, valid and justified the resulting search of the motor vehicle. I agree with Magistrate Judge Feldman's review of the facts and his analysis of the law, and I conclude that defendant validly consented to the search of his motor vehicle. I also agree with the Magistrate Judge that once the consent was given, the search, both on the scene and later at the DEA Regional Office, was appropriate.

I also agree with the Magistrate Judge that the delay in bringing defendant to a judicial officer was within the six hour window provided by 18 U.S.C. § 3501(c). As such, the modest delay does not warrant suppression of statements made by defendant on his arrest.

CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman (Dkt. #131). I reject the objections to that Report.

Defendant's motion to suppress statements and motion to suppress physical evidence (Dkt. #87) are in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 23, 2010.