UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                       ORDER

                                                   07-CR-6197L
                                                   14-CV-6578L

            v.

ARSENIO Y. SOLANO-FELL,

                        Defendant.
_____

       Defendant, Arsenio Y. Solano-Fell ("hereinafter 'defendant' or 'Solano-Fell'") was convicted after a ten-day trial before a jury of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. Defendant was sentenced principally to a term of 200 months imprisonment, as well as a term of supervised release of five years, a fine of $5,000 and a Special Assessment of $100. At trial, defendant was represented by attorney Scott M. Green. Green was appointed when defendant's original attorney Ismael Gonzalez was granted leave to withdraw from the case because of an apparent conflict with defendant and his family and because of defendant's failure to pay attorney's fees. (Dkt. ## 58, 62).

       Solano-Fell appealed the judgment of conviction and was represented on appeal by attorney Peter J. Tomao. Defendant raised numerous grounds on appeal but the Second Circuit affirmed the conviction in a summary order (508 F. App'x. 41, 213 WL 276082; 2d Cir. 2013). (A copy of the Second Circuit decision is attached as Ex. C to the Government's Answer to defendant's motion

[hereinafter "Answer"]).  Defendant's petition for a writ certiorari was denied by the Supreme Court on October 15, 2013 (134 S. Ct. 457).

Solano-Fell now moves (Dkt. #196) to vacate the judgment and sentence pursuant to 28 U.S.C. § 2255.  Defendant claims he was denied effective assistance of counsel by all three lawyers who represented him, attorney Gonzalez and Green at trial and attorney Tomao on appeal.  The Government has filed a detailed Answer with exhibits and attorney Green, with the Court's permission, filed an affidavit (Dkt. #203) refuting many of the claims of ineffective assistance of counsel raised by Solano-Fell against him.[1]

Solano-Fell has filed a Reply Memorandum (Dkt. 216), as well as two Affidavits, one from the defendant (Dkt. #214) and another, from Lissy Cartagena (Dkt. #215).  The Government filed a Response (Dkt. #219) to defendant's Reply.

## DECISION

Defendant now claims that all three of the lawyers – one retained and two who were appointed – provided ineffective assistance to him which warrants vacating the Judgment.  On the contrary, the record demonstrates that defendant's attorneys provided vigorous representation in a case where the evidence that defendant participated in a drug conspiracy was "overwhelming," as noted by the Second Circuit in affirming defendant's conviction.

Defendant, now represented by counsel, moves pursuant to 28 U.S.C. § 2255 to vacate the Judgment.  To be entitled to relief, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The performance prong requires a showing that counsel's representation

---

[1] The Court entered an Order (Dkt. #199) which held that since defendant attacked Green's performance, Green was no longer bound by the attorney-client privilege and could respond and defend the claims made against him.

"fell below an objective standard of reasonableness." *Id*. at 688. To satisfy the prejudice component, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Since claims of ineffective assistance of counsel are easily made, especially after an unfavorable verdict, defendants making such claim have a "heavy burden," *United States v. Gaskin.* 364 F.3d 438, 468 (2d Cir. 2004). In addition, there is a presumption that counsel's conduct falls within the wide-range of professional assistance. *Strickland*, 466 U.S. at 689. Matters of strategy and tactics are not proper grounds to support a claim of ineffective assistance of counsel.

The Court is familiar with the case since I presided over the trial, and I have reviewed all of the papers and filings on this motion. In sum, because I believe defendant has failed to meet the two-prong test under *Strickland*, defendant's present motion is in all respects denied. Although defendant has set forth a list of matters involving three separate lawyers, none of them, whether considered separately or cumulatively, falls below "an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88, and no prejudice has been shown.

**Issues Concerning Plea Agreement**

Defendant mentions several matters relating to a possible plea and disposition of the case. In light of the record and the submissions made by attorney Green, the claim has no merit. Defendant fails to meet either prong of the *Strickland* test.

There are two prongs under *Strickland* that must be met before the claim of ineffective assistance can be established. The Supreme Court in *Strickland* indicated that it may often be appropriate to start with the second prong, the "prejudice" requirement. If a defendant fails to show "sufficient prejudice" from the alleged missteps of the lawyer, the Supreme Court indicated that the

ineffective assistance claim could be disposed of on that basis. *Id.* at 697. Such a situation clearly exists in this case: defendant has not demonstrated prejudice.

First, defendant has not demonstrated prejudice because he has failed to provide any statement that he would have accepted a plea offer if properly advised. His affidavit submitted in support of his motion does not state that he would have accepted a plea offer had he received adequate legal advice. *See* Solano-Fell Aff. 2. The only statement asserting that Solano-Fell would have entered a plea had he been properly advised is in the memorandum of law written by his counsel. (Dkt. #196 at 17). However, this declaration written by Solano-Fell's counsel is not sufficient to satisfy *Strickland*. *See Puglisi v. United States*, 586 F.3d 209, 216-17 (2d Cir. 2009) ("[A] statement regarding intent must be directly attributable to the habeas petitioner.").

Although defendant submitted an affidavit on this motion (Dkt. #214), he never stated under oath that he would have accepted a plea offer. That, of course, is consistent with the colloquy that occurred in open court when the Court inquired as to whether any plea had been extended.

Second, Solano-Fell has failed to produce any objective evidence sufficient to support a prejudice finding. Objective evidence may include a significant sentencing disparity "that supports an inference that petitioner would have accepted a proposed plea offer if properly advised." *Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011); *Puglisi*, 586 F.3d at 209. However, because no plea deal was ever conveyed, Solano-Fell has not produced any credible evidence of a sentencing disparity. *See Diallo*, 2014 U.S. Dist. LEXIS 129391, at *9 (explaining that absent an offered deal, "there is no objective evidence to assess the extent of any alleged prejudice towards [defendant]").

This claim can be dealt with simply based on the lack of prejudice. But, on the merits, as to whether Green's conduct was reasonable, defendant has failed to establish that the conduct fell below an objective standard of reasonableness.

Defendant's present self-serving statements do not dictate a different result. Attorney Green has submitted an affidavit which details his discussion with defendant about disposing of the case. Based on that affidavit, defendant was aware of the minimum penalties should there be a conviction, as well as the strength of the Government's case. That probably would be sufficient to dispose of the motion but what Green has represented was, in essence, confirmed on the record before trial.

As the case proceeded to trial, the Court inquired of counsel, in defendant's presence, whether any plea offer had been extended. This discussion took place on July 30, 2010, and the Government has quoted the exchange in its answer (Answer, p. 15). The Government advised the Court that based on conversations with attorney Green, any offer would be "rejected" by the defendant. The Court specifically asked: "any offer?" and the Government responded affirmatively. So, at that time defendant clearly knew that there was no plea to dispose of the case because defendant intended to reject it. There was no objection or dispute at the time, or thereafter, about this state of affairs. This colloquy in Court strongly confirms Green's present affidavit indicating Solano-Fell's insistence that he wished to proceed to trial.

In his sworn statement, Green explained that on multiple occasions, he advised Solano-Fell of the ten-year mandatory minimum sentence Solano-Fell faced if convicted, and that due to the amount of cocaine alleged to have been distributed in the conspiracy, Solano-Fell could face a sentence beyond the mandatory minimum. Green Aff. ¶ 6. Green also advised Solano-Fell that given the evidence the Government would likely present at trial, including a half kilo of cocaine found in Solano-Fell's car, "a reasonable jury could convict him of the crime charged." Green Aff. ¶ 8-9. Based on Green's detailed statement credibly describing his discussions with Solano-Fell, I find that Solano-Fell was adequately advised by his counsel.

Solano-Fell also claims Green was ineffective because he never discussed the possibility of a plea with the Government. (Dkt. #196 at 15). "The reasonableness of counsel's actions may be determined or substantially influenced by defendant's own statements or actions." *Strickland*, 466 U.S. at 691. Here, Green did not engage in plea negotiations because Solano-Fell insisted on his innocence. Green's affidavit provides a detailed account of his discussions with Solano-Fell:

> I asked Mr. Solano-Fell whether he wished for me to engage in plea negotiations with the Government. I advised him, in sum and substance, that it would be counterproductive for me to seek a plea agreement if he had no intent upon entering a plea. From the time I started to represent him, Mr. Solano-Fell maintained his innocence. Mr. Solano-Fell provided me with explanations for certain matters of evidence, such as the cocaine found inside the trunk of his vehicle and that witnesses mistook him for a deceased drug dealer. Even after receipt of the Jencks Act materials, Mr. Solano-Fell maintained his innocence. In any event, Mr. Solano-Fell did not want me to engage in plea negotiations since he believed that he was innocent.

Green Aff. ¶¶ 10-11. Given that Solano-Fell continuously maintained his innocence to Green, it appears any effort on Green's part to engage in plea negotiations would have been a fruitless endeavor because Solano-Fell was unwilling to plead guilty. *See Diallo v. United States*, No. 12 Civ. 3310, 2014 U.S. Dist. LEXIS 129391, at *12 (S.D.N.Y. Sept. 10, 2014) ("Where a defendant refuses to plead guilty, counsel cannot be expected to pursue plea negotiations with the government.").

Further, Green reasonably believed pursuing plea negotiations with the Government would be futile based on Solano-Fell's actions. Solano-Fell and Green were both present at a hearing proceeding held July, 30, 2010, during which Government counsel expressed to this Court his understanding that any offer the Government extended would be rejected by Solano-Fell. *See* Tr. of Proceedings 4:14-5:3, July 30, 2010. Given Solano-Fell's opportunity to challenge the assertion that he would reject *any* plea offer and indicate to his counsel any interest in considering a guilty plea, the absence of any objection by Solano-Fell underscores that Green's decision not to pursue

6

plea negotiations with the Government was certainly reasonable. *See Strickland*, 466 U.S. at 691 ("[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable."). Accordingly, Solano-Fell has not shown that his counsel's failure to secure a plea agreement fell below an objective standard of reasonableness.

Defendant suggests that a plea "might" have resulted in a lesser sentence, but that is pure fancy and rank speculation, since no plea deal was ever made because of defendant's insistence on trial. Defendant may now wish he had pursued a plea, although in light of the strong evidence against him and the amount of drugs involved, a plea may not have resulted in a drastic change in sentence, but defendant's after-the-fact musings, do not show either prejudice or that his counsel acted unreasonably.

### Request for a Hearing

A defendant seeking a hearing on an ineffectiveness claim "need establish only that he has a plausible claim of ineffective assistance of counsel, not that he will necessarily succeed on the claim." *Puglisi*, 586 F.3d at 213 (internal quotation marks omitted). However, the Second Circuit has made clear "a court need not hold an evidentiary hearing in every case." *Crisci v. United States*, 108 F. App'x 25, 27 (2d Cir. 2004) (summary order) (court has discretion to decide petitioner's ineffective assistance claim based on affidavits of petitioner and trial counsel); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (while summary dismissal of petitions is disapproved where factual issues exist, precedent "permits a 'middle road' of deciding disputed facts on the basis of written submissions"); *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001) (court reasonably concluded that the testimony of petitioner and his counsel "would add little or nothing to the written submissions").

In *Chang*, the Second Circuit held that the trial counsel's detailed affidavit contradicting petitioner's claim was sufficient to support a dismissal without a full evidentiary hearing. 250 F.3d 79 at 86. This was especially true in *Chang* where the petitioner relied "solely on his own highly self-serving and improbable assertions" and counsel's "description of events was eminently credible." *Id*.

The situation here is analogous. Indeed, aside from Solano-Fell's "self-serving assertions" that he was never advised about the likelihood of conviction or the option to negotiate a plea agreement, his allegations are unsupported by evidentiary facts. *See id.*; *Puglisi*, 586 F.3d at 213 ("bald allegations unsupported by evidentiary facts" do not warrant a hearing); *Muyet v. United States*, No. 01 Civ. 9371, 2004 U.S. Dist. LEXIS 15029, at *30 (S.D.N.Y. Aug. 3, 2004) ("Without any sort of evidence other than his own tenuous claims, a court may dismiss a petition without a hearing.").

Here, as in *Chang*, the record has been "supplemented by a detailed affidavit from trial counsel credibly describing the circumstances. 250 F.3d at 85. Specifically, Green stated that on multiple occasions, he advised Solano-Fell of the ten-year mandatory minimum sentence Solano-Fell faced if convicted. Green Aff. ¶ 6. He further emphasized that after he advised Solano-Fell of the strength of the government's case and the likelihood of conviction, Solano-Fell "chose not to engage in plea negotiations" because he maintained his innocence. Green Aff. ¶ 12.

Finally, a hearing based on the proffers of proof set forth in defendant's supporting documents would be fruitless because defendant has neither stated that he would have accepted a plea had he received adequate legal advice nor proffered any objective evidence to support a finding of prejudice. *See Puglisi*, 586 F.3d 209 at 216 ("a judge is well within his discretion in denying a petition when the supporting affidavit is insufficient on its face to warrant a hearing") (citing *Dalli*

*v. United States*, 491 F.2d 758, 760 (2d Cir. 1974); *see also United States v. Weaver*, 234 F.3d 42, 46 (D.C. Cir. 2000) (no hearing required because defendant could not show prejudice). Accordingly, defendant has failed to establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694, and thereby has failed to state a "plausible" claim for relief under Section 2255.

*Counsel's Failure to Move to Suppress Evidence Seized From Defendant's Apartment*

Solano-Fell also argues he received ineffective assistance because attorney Green failed to move to suppress evidence from Solano-Fell's apartment allegedly seized without consent. (Dkt. #196 at 17). Under the performance prong, the Court must ascertain whether "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's performance "is to be evaluated from counsel's perspective at the time of the alleged error and in light of all circumstances." *Raysor,* 647 F.3d at 495 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). Upon careful examination of the entire record, I find that Green's failure to move to suppress evidence seized from Solano-Fell's apartment was objectively reasonable.

The record, in combination with Green's affidavit, refutes Solano-Fell's factual assertions that effective consent was not granted for the search. *See Puglisi*, 586 F.3d at 214 (the credibility of a defendant's factual assertion's need not be assumed "where the assertions are contradicted by the record in the underlying proceeding"). First, the reports by DEA Special Agent William Reichard and DEA Task Force Officer Cirilo Martinez indicated the search of Solano-Fell's apartment was conducted with the consent of Solano-Fell's girlfriend/wife, Lissy Cartagena, who resided at Solano-Fell's apartment. Government's Answer to 2255 Mot. Ex. D.

Second, prior to filing his motions, Green telephoned Lissy Cartagena to inquire whether she did give voluntary and effective consent to law enforcement to search the residence. In his affidavit Green explains:

> Based upon my conversation with Ms. Cartegenia, I learned that she did, in fact, reside at the residence and gave verbal consent to law enforcement to search the residence. Further, it did not appear that law enforcement acted in a way to force or coerce her into granted consent.

Green Aff. ¶ 15. Based on the information she provided to him, and the reports, Green reasonably did not move to suppress the evidence at trial. Thus, Solano-Fell has failed to overcome the strong presumption that Green's failure to move to suppress this evidence fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688.

Turning to the prejudice prong, Solano-Fell has not established "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Upon considering the totality of the evidence, I believe there is no reasonable probability that the exclusion of the evidence seized from Solano-Fell's apartment would have resulted in a different verdict.

In light of the mountain of evidence put forth by multiple witnesses, the rather modest evidence seized from the apartment, was of little consequence. There were some documents and receipts, all of which were admissible but all paled compared with the overwhelming evidence implicating defendant in the conspiracy. The Second Circuit in affirming defendant's conviction stated that the evidence at trial "overwhelmingly detailed his guilt." (2013 WL 276082, p. 2). The Second Circuit described at some length the fact that three separate witnesses identified the defendant as a member of the narcotics conspiracy. These witnesses, specifically Victor Speight, testified that defendant obtained 5-7 kilos of cocaine "every other week from defendant from 2003 to 2007." Defendant's conviction was supported by this testimony alone. So, although the Second

Circuit determined there were some evidentiary errors, because the proof was "overwhelming" it found those errors to be harmless and affirmed the conviction.

Considering the totality of the evidence against Solano-Fell, it is clear that there was no reasonable probability that, but for Green's failure to move to suppress evidence seized from his apartment, the result of the proceeding would have been different.

### Attorney Ismael Gonzalez

Defendant claims that his first, retained attorney, erred in several respects. None warrant much discussion. This attorney withdrew early in the case and did not represent defendant during pretrial, trial or any appellate proceedings. Nothing this attorney did, or failed to do, affected the "overwhelming evidence" advanced at trial which resulted in the guilty verdict. Because of the demonstrated lack of prejudice concerning this attorney's conduct, I need not discuss the first prong of *Strickland*, but I do so to demonstrate the tenuous nature of what is claimed to be "ineffective" assistance.

Attorney Gonzalez's primary function at the start of the case related to his efforts to effect defendant's release pending trial and to oppose the Government's motion for detention. Counsel argued vigorously before the Magistrate Judge in this Court against the Government's motion to detain. Initially, counsel was successful since the Magistrate Judge determined that there were conditions for release. This Court later vacated that order and defendant was detained, but even a cursory review of the attorney's performance shows vigorous representation.

Counsel was attempting to show his client's cooperation with the police when arrested in addition to his standing in the community, his stability and employment. Although some of the statements made were utilized in later proceedings, all of the evidence referenced could have been

obtained independently by the Government, as the Government notes, in its Answer at p. 11. But, more to the point, counsel cannot be faulted for making strategic decisions as to what information should be presented to the Court in evaluating whether defendant was a good candidate for release.

## Conflict

One of the witnesses against defendant at the trial was his co-conspirator, Victor Speight. Prior to Speight testifying, the Government advised defense counsel that at some point Speight had contacted attorney Green to represent him. This information was shared with defense counsel and it was discussed during trial. It is clear that Green never actually represented Speight. Speight was represented at the proceedings by different counsel, not related to Green. Furthermore, Green stated on the record that he had no recollection of ever meeting Speight and there is, therefore, no evidence whatsoever that Green ever obtained any information relative to Speight or about Solano-Fell from Speight. In sum, there is no evidence at all that this purported attempt by Speight to retain Green affected the trial in any way. There is no evidence that Green had any information and, therefore, no evidence that his ability to cross examine Speight was disadvantaged in any way. In fact, the trial transcripts show that Green did extensively cross-examine Speight in many respects.

Defendant also claims that appellate counsel was ineffective for not raising the so-called conflict issues when he represented Solano-Fell on appeal. For the same reasons that trial counsel cannot be faulted, appellate counsel had no obligation to raise this so-called conflict issue because there was no such conflict.

**Miscellaneous Alleged Errors By Trial Counsel**

Defendant raises a spate of matters which he claims demonstrated ineffective assistance of counsel. Virtually all consist of defendant's view that his attorney erred in not objecting to testimony or evidence. None of these warrant much discussion. The Government adequately discusses each of those in its Answer, p. 18-29. Essentially for the reasons stated by the Government, I believe none of these matters, whether considered separately or cumulatively, meet the test necessary under *Strickland* for establishing ineffective assistance of counsel.

Defendant contends that counsel erred in not objecting to testimony concerning the seizure of drugs recovered from defendant's vehicle on the day of his arrest and for failing to seek to exclude the testimony of the expert witness. First of all, the Court admitted both the evidence of the drug seizure as well as the testimony of the expert. The Court indicated it intended to admit such evidence and there is little reason to suppose that even had counsel objected that the result would have been any different.

Moreover, the Second Circuit has already dealt with both issues. Although the Circuit found that there was an abuse of discretion in the Court's admitting the evidence and testimony, the Court found that the receipt of such evidence was harmless beyond a reasonable doubt. This finding was made in light of the Second Circuit's firm conclusion that the evidence against the defendant was overwhelming. Since the Second Circuit has so ruled on those two issues, the failure of defense counsel to challenge evidence that was admitted by the District Court does not meet the second prong of *Strickland* that there must be demonstrated prejudice. The Second Circuit's ruling that the admission of such evidence was harmless beyond a reasonable doubt resolves the issue.

Defendant raises several other issues and chides trial counsel for not objecting to some testimony of Government witnesses, including co-conspirators, the testimony about the seizure of

guns from individuals in the conspiracy, as well as drug activity of other individuals. As the Government points out in its Answer, all of this testimony was relevant and admissible. Much of it dealt with activities during the time period alleged in the indictment and involved testimony of co-conspirators. Furthermore, defendant has not clearly indicated the basis for the objection or legal authority, including Rules of Evidence which would preclude the admission of the testimony and evidence.

Therefore, for the reasons stated by the Government in its Answer on these points, I concur with the Government's assessment and find none of those matters fall below an objective standard of reasonableness on the part of counsel and, most importantly, none of those matters are of such a nature to have prejudiced the defendant, under the second *Strickland* prong.

## CONCLUSION

Defendant, Arsenio Y. Solano-Fell's, motion (Dkt. #196) to vacate the Judgment and Sentence pursuant to 28 U.S.C. § 2255 is in all respects denied.

I decline to issue a certificate of appealability, 28 U.S.C. § 2253, because defendant has failed to make a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 21, 2015.